# LAW OFFICES OF WENARSKY AND GOLDSTEIN, LLC

SCOTT J. GOLDSTEIN, ESQ.**
JENEE K. CICCARELLI, ESQ.**
JACK E. WENARSKY, ESQ.** (RETIRED)
**ADMITTED IN NY AND NJ

Tel: 973-927-5100
Fax: 973-927-5252
info@wg-attorneys.com
www.wg-attorneys.com

ATTORNEY'S CONTACT
Scott J. Goldstein
Direct Email:    Scott@wg-attorneys.com

12/15/2025

Pleasant Heights, Inc.
498 New Jersey 94
Newton, NJ 07860

### Re:      Chapter 11 Bankruptcy Retention

Dear Charlotte Collaso:

This letter serves to confirm that you have retained the Law Offices of Wenarsky and Goldstein, LLC ("the Firm") and its associated Attorneys to represent you in connection with seeking relief under the United States Bankruptcy Code.

You have approached this firm for assistance in order to cure arrears and/or sell real property

Please read the following agreement carefully and be sure you understand it. Reach out to me if any clarification is needed.  We ask that you return the fully executed agreement within 7 days.

I appreciate the opportunity to help you resolve your financial situation.

Very truly yours,

Scott J. Goldstein, Esq.

---

| Ledgewood Office *(main office)* | Parsippany Office | New York Office |
|---|---|---|
| 410 State Route 10 West, Ste 214<br>Ledgewood, NJ 07852 | 239 New Road, Ste A-201<br>Parsippany, NJ 07054 | 43 West 43rd Street, Ste 188<br>New York, NY 10036-7424 |
| *Address all Correspondence to This Location* | *By Appointment Only* | *By Appointment Only* |

# Bankruptcy Retainer Agreement

**THE LAW OFFICES OF WENARSKY AND GOLDSTEIN, LLC HAS BEEN DESIGNATED AS A DEBT RELIEF AGENCY BY AN ACT OF CONGRESS.**
**WE HELP PEOPLE FILE FOR DEBT RELIEF UNDER THE UNITED STATES BANKRUPTCY CODE.**

In consideration for services to be rendered to undersigned Client(s) by Attorney and the Firm located at 410 State Route 10 West, Suite 214, Ledgewood, NJ 07852 in connection with representing Client regarding bankruptcy matters, Client, jointly and severally agrees to pay Attorney and the Firm as follows:

## 1.     Attorneys and Staff

The attorneys associated with the firm are currently Scott J. Goldstein, Esq. and Jenee K. Ciccarelli, Esq. The Firm reserves the right to assign this matter as appropriate to any attorney admitted to a court of competent jurisdiction to assist in each task necessary for the Client's representation. The Firm further reserves the right to assign tasks to support staff as needed to efficiently handle Client's case. Client agrees not to unreasonably object to any assignment of staff or attorneys to the case.

## 2.     Legal Fees and Retainer.

This matter is being undertaken at an hourly rate. The current hourly rates charged by the firm are $450 for Scott J. Goldstein, $450 for Jenee K. Ciccarelli, $275 for Associate / Of Counsel Attorneys; $225 per hour for Law Clerks and $195 per hour for Paralegal / Legal Assistant time. All expenses are billed at their actual costs.

Client has agreed to pay an initial retainer of $$10,000.00. A retainer is an advance payment for Attorney services and the expenses Attorney may incur on Clients behalf and does not cover the court filing fee. Client understands that once work has commenced, the retainer will be billed against and charged even if the case is not filed.

The total fees to be charged in accordance with this agreement and as set forth in any estimate of costs, either verbal or written are dependent upon on the following assumptions:

a)  The Debtor has provided the Attorney with complete and accurate information.

b)  The Debtor's circumstances, particularly the Debtor's Current Monthly Income as defined by the Bankruptcy Code, does not substantially change prior to the actual filing of the Bankruptcy case.

c)  The Debtor must pay the required retainer fee in full prior to the filing of the Bankruptcy Petition, except as set forth above.

If any of these assumptions prove to be inaccurate, and as a result the amount of legal services provided by the Attorney is increased, then the attorney fee shall be increased accordingly and to compensate the Attorney for the additional time and services in providing the legal services. At such time, the parties must execute a supplement to this Agreement. If the Debtor refuses to sign such a supplement, then the Attorney-Debtor relationship shall be terminated and no Bankruptcy Case will be filed for Debtor by the Attorney.

Client must provide the Firm with funds for the amount of the court filing fee, either by check made payable to "Law Offices of Wenarsky and Goldstein, LLC, Attorney Trust Account", or by cash which will be held in trust pending the filing of the bankruptcy petition.

### 3.   Refund Policy and NSF Fees

As a general policy, the Firm does not offer refunds of fees paid by Client and all collected monies are deemed earned upon receipt. If Client withdraws from representation, requests to refund fees advanced to Attorney may be considered only on a case-by-case basis. Any monies the Firm refunds will be calculated in accordance with the following schedule:

a) If work has not begun on the petition - all funds except a $150 consultation charge and any expenses paid (such as credit reports and appraisals).

b) If work has begun on the petition – all funds except the calculated cost of hours spent working on Case and any expenses paid (such as credit reports and appraisals).

c) If the petition is ready to file or more than 90 days have elapsed since the Retainer Agreement has been signed - no funds will be refunded.

Client understands that if any check given in payment to Attorney is returned for insufficient funds, Client agrees to pay Attorney a $40.00 fee immediately in addition to the amount of the returned check. Client agrees to make this payment and any future payments in cash, money order or debit card.
**Withdrawal From Representation and Bankruptcy Fraud**

### 4.   Withdrawal From Representation and Bankruptcy Fraud

Attorney reserves the right to withdraw from Client representation if, among other things, Client fails to honor the terms of this Agreement, including non-payment of Attorney and court filing fees; Client fails to cooperate or follow advice on a material matter, or if any fact or circumstance arises or is discovered that would render continuing representation unlawful or unethical. Client is aware of an ethical requirement imposed upon all Attorneys in this state. If a Client, in the course of representation by an Attorney, perpetrates a fraud upon any person or tribunal, the Attorney is obligated to call upon the Client to rectify the same. If the Client refuses or is unable to do so, the Attorney is required to reveal the fraud to the affected person or tribunal.

Client further understands and acknowledges that misrepresentations and/or concealment of property is subject to federal prosecution and criminal charges. Client understands and acknowledges that such concealment would subject client to 20 years in prison and fines of up to $250,000.00 per misrepresentation or concealment. Client further acknowledges that such concealment or misrepresentation is grounds to terminate the attorney-client relationship and for withdrawal from representation.

### 5.   Communications with Counsel

Client may contact Attorney at the above telephone number, postal and email addresses. Client understands that Attorney records telephone calls routinely to gain a litigation advantage and does not object to such recordings. Nothing in the foregoing in any way modifies Attorney's fiduciary duties to Client, the applicable rules of professional conduct, or the attorney client privilege. Client specifically consents to the use of email to communicate with Attorney. Although email is a convenient and effective way of communicating, unless Client receives a response from Attorney, Client should not assume that Attorney received every email transmitted. Client also should be aware that email and voicemail are not completely secure methods of communicating and take appropriate care when sharing particularly confidential information.

### 6.   Favorable Results Not Guaranteed

Because the outcome of negotiations and litigation is subject to unforeseen factors, Client acknowledges and understands that Attorney has made no promises or guarantees to Client concerning the outcome and is unable do so. Nothing in this Bankruptcy Retainer Agreement shall be construed as such a promise or guarantee.

7.   **Retention of Experts**

Client understands that this representation might involve complex issues for which Attorney will seek consultation from other professionals. Attorney will attempt to accomplish such consultations on an anonymous basis but Client agrees that any information that Attorney shares with another professional does not disrupt the attorney-client privilege. Such consultation will be at no charge to Client unless specifically agreed otherwise.

8.   **Record Keeping**

Client agrees that Attorney may discard Client's records within seven (7) years of the completion of the Client's bankruptcy case. Client understands that Attorney will keep copies of most records electronically and provide copies vie email, CD or DVD unless Client requests paper copies.

9.   **Basic Services Common to All Chapter 11 Cases**

The following is a specific listing of common services expected to be performed in a Chapter 13 case, including necessary administrative services. All services are billed hourly.

   a)   Preparation and electronic filing of petition, schedules, supplemental local forms, Chapter 11 Plan and Disclosure (if not a Subchapter V case) and mailing matrix.

   b)   Drafting and mailing notice to creditors advising of filing of case, including a copy of your Chapter 11 Plan.

   c)   Drafting and mailing to you a letter regarding your attendance at the Section 341 meeting and your other responsibilities.

   d)   Preparation for and attendance at Section 341 meeting (first hearing or first adjourned hearing if adjournment is requested at least 3 days in advance and granted without appearance).

   e)   Review of order confirming plan and periodic case status reports from the Chapter 11 truste

   f)   Review of trustee's motion for allowance of claims.

   g)   Maintaining custody and control of case files

   h)   Service of orders on all affected parties.

   i)   Verification of your identity and social security number.

   j)   Defending objections to confirmation of your Chapter 11 Plan.

10.   **Additional or Uncommon Legal Services**

The representation may also include the following services to the extent they are requested or deemed reasonably necessary for your effective representation, some of which may incur additional fees if performed after confirmation of the Plan:

   1.   Preparation and filing of proofs of claim on your behalf for your creditors.

   2.   Assumptions and rejections of unexpired leases and executory contracts.

   3.   Preparation for and attendance at valuation hearings.

   4.   Motions to transfer venue.

   5.   Requesting copies of proofs of claim from Trustee.

   6.   Consultation with you regarding obtaining post-petition credit (no motion filed).

   7.   Motions to avoid liens (not included in Plan).

   8.   Calculation of plan payment modifications (no motion filed).

9. Adding creditor address to mailing matrix as necessary.

10. Responding to written creditor contacts regarding plan terms, valuation of collateral, claim amounts and the like.

11. Responding to your contacts regarding changes in your financial and personal circumstances and advising the Court and Trustee of the same.

12. Communicating with you regarding payment defaults, insurance coverage, credit, disability and the like.

13. Obtaining and providing the Trustee with copies of documents relating to lien perfection issues.

14. Notifying creditors of entry of discharge.

15. Notifying creditors by regular mail and/or electronic communication of alleged violations of the automatic stay.

16. Drafting and mailing letters regarding voluntary turnover of property.

17. Review of documents in relation to the use or sale of collateral (no motion filed).

18. Providing you with a list of answers to frequently asked questions and other routine communications with you.

## 11. **Non-Base Services**

In some Chapter 11 cases, the legal services which are beyond those contemplated in the base fee must nonetheless be provided by the Attorney. These legal services are also listed below:

a) Abandonment of property post-confirmation.

b) Motion for moratorium.

c) Motion for authority to sell property.

d) Motion to modify.

e) Motion to use cash collateral or to incur credit.

f) Defense of motion for relief from stay or co-debtor stay.

g) Defense of motion to dismiss filed after confirmation of your plan.

h) Non-base fee requests.

i) Stay violation litigation, including amounts paid as fees by the creditor or other party.

j) Post-discharge injunction actions.

k) Lost mitigation/loan modification.

l) Adversary proceedings

m) Wage garnishment orders.

n) Turnover adversaries.

o) Conversion to Chapter 7 or 13.

p) Motions to substitute collateral.

q) Any other matter not covered by the base fee.

For such non-base services, you may be charged without any further notice and in the discretion of the Court non-base fees for the following services and in the amounts noted to the extent incurred after confirmation:

| | |
|---|---|
| o  Amendments to Schedules & Court Fee | $100.00 per filing plus filing fees, copies and postage if applicable (adding creditors) |
| o  Defending non-complex motions (1 appearance)[1] | $500.00 |
| o  Prosecuting non-complex motions (1 appearance) | $750.00 per motion |
| o  Special Appearances in any other Court | $300.00 per appearance |
| o  Rescheduling of 341(a) Meeting due to non-appearance or inadequate notice | $500.00 per appearance[2] |
| o  Additional appearances on non-complex motions | $100.00 per appearance |

The Attorney, in his discretion, may also keep time and expense records for any non-base service and apply to the Court for the approval of the fee plus all expenses incurred. The current hourly fee for your Attorney is between $400.00 and $200.00 depending on the attorney assigned the matter. All base and non-base fees will be added to your plan (unless paid directly by Debtor or a third-party such as a creditor in a contested case) and will be paid through the plan. It is possible that any non-base fees added to your plan may result in an increase in your monthly plan payment or in an extension of the length of your plan or both.

## 12. Client Duties and Responsibilities to Counsel

a) **Complete Disclosure and Access to Records** - Client acknowledges his/her obligation to make full and complete disclosure of all assets and all liabilities, and to provide all documents and information requested by the Attorney, before the bankruptcy petition can be prepared and filed with the court. Client acknowledges that Attorney may acquire, review and use both public and confidential documents, including but not limited to credit reports and liens searches, with respect to Client and consents to such acquisition, review and use and agrees to execute all necessary papers to permit Attorney to access such information. Client agrees that failure to cooperate in this regard is grounds for termination of the attorney-client relationship.

b) **Documentation of Debt** - Client acknowledges that the Attorney will not research creditor information, including addresses, account numbers, or balances beyond what is available through a basic credit report. Client must provide any additional information to the Attorney *in writing*. **Failure to do so may result in unscheduled debts being subject to non-dischargeability.**

---

[1] The Firm, in its sole discretion shall determine the fees for each motion and shall determine whether a particular motion is complex or non-complex. Generally, and by way of example only, non-complex motions may include motions for a debtor to appear telephonically for a 341a meeting, motions to extend times, etc.

[2] Failure to appear at the 341a meeting may constitute grounds for the Trustee to move to dismiss the case. If such a motion is made, you may be charged for the defense of such a motion as described above PLUS the rescheduling charge.

**c) Credit Counselling and Debtor Education -** Client acknowledges that he/she must attend pre-petition credit counseling before the bankruptcy petition can be filed. Client understands that he/she must also attend post-petition counseling after the bankruptcy petition is filed and within the time frame allowed by statute.  Client acknowledges that the bankruptcy cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling.  Client understands that no discharge of debts will be issued if the post-bankruptcy credit counseling is not completed within the statutory time frame. Client acknowledges that any referral to a service that provides pre-bankruptcy counseling or post-bankruptcy counseling is as a courtesy only and that the cost of such counseling is not included in Attorney's fees as stated above.  If the Client wishes Attorney to arrange for credit counseling, Attorney will arrange for same, and client is obligated to reimburse Attorney for the costs of same.

## 13.   First Payment to Trustee/Creditors

Chapter 11 payments commence after the confirmation of the Plan of reorganization and in accordance therewith.  The Debtor, however, must commence payments of TAX arrears the first month following the filing of the case.  As this is a Subchapter V case, client acknowledges that client is responsible to pay the fees of the Subchapter V trustee on application for same and that payments may be required to be made to the Subchapter V trustee for creditor disbursements

## 14.   Mortgage Payments.

If the debtor owns real property, post-petition mortgage payments MUST be made directly to the secured creditor

## 15.   Limitation on Scope of Representation – BANKRUPTCY ONLY

Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Client's bankruptcy case. Attorney may make a special appearance in a court, other than the Bankruptcy Court, for the purpose of filing a notification of Client's bankruptcy proceedings, and to suggest to another court that Client's proceedings should be stayed.  Sending or receiving any summons or complaint, or notifying the Attorney of a pending lawsuit does not obligate the Attorney to represent Client in that lawsuit or before that court.  Any representation of Client in a state court proceeding, including without limitation: collection lawsuits, foreclosure lawsuits, and etc., is not included in this Bankruptcy Retainer Agreement.  Any referral made to another Attorney to represent Client is a courtesy only.  The Attorney is not associated with any other Attorney outside of the undersigned Attorney's law offices.

## 16.   Recovery in Adversary Proceedings – Contingent Matters

Client and Attorney hereby agree that any recovery in any adversary proceeding or contested matter that is the subject of a contingency fee arrangement solely between Client and Attorney shall be resolved as follows:

a) All costs, legal fees and damages shall be added together to reach a total settlement amount.

b) The total settlement amount shall then be equally divided between Client and Attorney.

c) All litigation and other related expenses shall then be deducted from the 50% of the total settlement amount assigned to Attorney.

d) No part of the litigation and other related expenses shall be deducted from the 50% of the total settlement paid to Client and this percentage shall apply to any amount received by settlement, trial, or appeal.

e) Client shall not be liable for any litigation and other related expenses incurred in the adversary proceeding or the contested case if there is no recovery unless such litigation and other related expenses are specifically approved in advance in a written document signed by Client.

f) The total settlement amount shall be computed without any deduction for the litigation and other related expenses.

g) Upon conclusion of the matter, Attorney shall provide Client with a written statement stating the outcome of the matter and if there is a recovery showing the remittance to the client and the method of its determination consistent herewith; and.

h) Attorney is granted a lien on the gross recovery for the amount of the contingent fee as fixed by the agreement herein. This lien shall secure property that is deemed to be the sole property of Attorney and not property of Client or of the bankruptcy estate.

## 17. Acknowledgement of Non-Dischargeability of Certain Debts

Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Client's bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy. Client further understands that the list of non-dischargeable debts may be expanded by legislation or court decisions and Attorney has no control over the type of debts that may be or become non-dischargeable.

a) Certain types of taxes, custom duties, or debts to pay taxes or custom duties.

b) Debts that are not listed on the petition at the time of filing unless the Petition and Plan are amended to include such debt in a reasonable and timely fashion.

c) Student loans.

d) Debts owed for spousal or child support.

e) Debts arising from a previous bankruptcy wherein discharge of that particular debt was waived.

f) Debts owed for money, property, services, extension-or-removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud.

g) Debts owed for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny.

h) Criminal restitution and fines

i) Personal injury or wrongful death claims arising from a civil judgment as a result of the Debtor's willful and malicious injury to another.

## 18. Liens not Addressed in Plan not Discharged - Acknowledgement

Client understands that filing bankruptcy does not automatically discharge or remove liens from any real estate. Client agrees that the Attorney will not take any action to avoid (remove) any lien on real estate unless Client specifically authorizes the Attorney to do so in writing. Client agrees that the Attorney will rely on Client's statements concerning ownership of real property and any liens attached to Client's real property. Client agrees that no real estate title search will be conducted. Client agrees that Attorney will not conduct a public records search for lawsuits filed against Client or judgments granted against Client. Client must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if client wishes to obtain one. **Client agrees to hold the Attorney harmless if client later discovers liens, lawsuits or judgments against Client or against Client's real estate.**

19.  **Audit by United States Trustee**

Client understands that individuals who file for relief under chapter 7 or chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee.  If Client's case is selected for an audit, Client agrees to pay Attorney his customary hourly rate, for representing Client in such audit.

20.  **Excessive Delay in Providing Documentation**

Client understands that Attorney may charge additional fees if Client waits longer than thirty (30) days from the date that the retainer balance reaches $0.00 to finalize the bankruptcy petition and schedules due to additional due diligence and other update work required to finalize the bankruptcy.  Alternatively, Attorney may terminate client's relationship with the Firm and make any appropriate refund in accordance with the refund policy set forth above.  **AFTER 90 DAYS FROM THE DATE THAT THE RETAINER IS PAID IN FULL, IF THE PETITION HAS NOT BEEN FILED DUE TO CLIENT DELAY IN PROVIDING DOCUMENTATION, THE FILE WILL BE CLOSED OUT, THIS RETAINER WILL BE TERMINATED AND NO MONIES WILL BE REFUNDED BEYOND THE FILING FEE.**

21.  **Acknowledgement of Understanding and Receipt of Retainer Agreement**

Client acknowledges that Client has read and understands all the terms contains in this Bankruptcy Retainer Agreement and that, whether written, spoken, recorded or transcribed by any other means, no other terms are made part of this Bankruptcy Retainer Agreement.  Client is in agreement with the terms of this agreement and has signed on the signature lines below. Client further acknowledges that Client has received a copy of this Bankruptcy Retainer Agreement.

22.  **No Modification Except in Writing**

This document represents the complete agreement between the parties and may not be modified or replaced except by a subsequent written agreement executed by the parties.

| Signed and agreed: | Pleasant Heights, Inc. | |
|---|---|---|
| Law Offices of Wenarsky and Goldstein, LLC | *Charlotte Collasso* | 12/15/25 |
| | Charlotte Collasso, President | Date |
| /s/ Scott J. Goldstein | | |
| Scott J. Goldstein | | Date |
| 12/15/2025 | | |
| Date | | |

## *PERSONAL GUARANTEE FOR CORPORATE CASES*:

I, Charlotte Collaso, hereby agree that I personally guarantee the payment of all fees incurred by Pleasant Heights, Inc. under this retainer.  I understand that if Pleasant Heights, Inc. defaults in payment of any fees, that I may be personally liable for any and all unpaid fees and costs in this case.

Dated: ___12/15/25___

_____
Charlotte Collaso

# Text Messaging/SMS Communications Opt-In

The Law Offices of Wenarsky and Goldstein, LLC has the ability to correspond with clients via text messages and SMS communications. The Firm and its employees utilize text messages/SMS communications in circumstances such as:

A. sending automated reminders of upcoming due dates and events related to client cases

B. sending registration information for pre-paid third party products which are necessary to prepare client cases

C. reaching out to clients in the event they have been unreachable via emails or telephone communications

D. reaching out to clients in the event they have been unresponsive to emails or telephone communications

E. reaching clients to obtain an immediate response for a time-sensitive issue

F. any time the attorney or Firm employee deems necessary to more efficiently and effectively provide services to clients

Text messages/SMS communications are not considered an appropriate method of communication with the attorney, barring limited exceptions at his or her sole discretion. Clients are not to attempt to establish contact with the Firm or its employees via text message/SMS communication unless given express permission to do so. Any permission obtained is temporary, conditional, and specific to the employee with whom the client is in contact.

In the event a client receives a text message/SMS Communication from the Firm or one of its employees, the client must not reply to the message unless specifically instructed to do so. Employees do not monitor the text inbox, and will have no way to know a client has attempted to reach out in this manner. Clients should always reach out to the Firm, the attorney, or other staff members via email or telephone.

o  I understand that by furnishing the Firm with my mobile phone number, I am agreeing to receive communications from the Firm via text message/SMS communication.

Initials  _____ _RC_____

o  I understand that text message/SMS communications from the Firm are utilized to send reminders of upcoming due dates and events, to send registration information for products necessary to prepare my case, and to reach out to me in the event I have been unresponsive to emails or telephone communications.

Initials  _____ _RC_____

o  I agree to not reach out to the Firm via text message/SMS communications unless given express permission to do so.

Initials  _____ _RC_____

o  I understand this permission is on a case-by-case basis and does not carry beyond the specific conversation I am engaged in with the Attorney or Staff member

Initials  _____ _RC_____

# <u>OFFICE POLICIES</u>

These office policies are set by the Law Offices of Wenarsky and Goldstein, LLC and are intended to facilitate the representation of clients with the proper level of attention that each of our clients deserves. These are not promises to clients, but set a basic floor of expectations between you, as our client, and the employees of the Firm. These policies are intended to reflect a respect for the urgency you feel for your matter, but also to allow our attorneys and support staff the time they need to accomplish their professional tasks and attend to matters with their families and lives outside the office, as these are essential to maintaining professional sharpness.

## COMMUNICATIONS

1. *Telephone Calls*:

   A. When calling the main number, a support staff member will most likely answer the phone. Please do not be vague when responding to his or her questions. The staff will not transfer a call to an attorney without a clear understanding of your reason for calling. In many cases, the staff member may be the one responsible for handling your query.

   B. If your call is not answered, and you would like a return call from your attorney or a member of the staff, you MUST leave a voicemail. Firm employees do not review the missed call logs and therefore will not know that you attempted to reach us.

   C. DO NOT call multiple times in a row or multiple times in a day attempting to get ahold of your attorney or a member of the staff. If your call is not answered, leave a voicemail or send an email.

   D. Clients are only to call the main number or the dedicated assigned office numbers for their attorneys when trying to reach their attorney. Calls to the attorney's personal cell phone are **NOT** permitted unless the attorney has specifically requested such a call.

      1) Any permission to call an attorney's cell phone is assumed to be a "one time only" permission. Repeated calls to an attorney's cell phone without prior permission is grounds for termination of representation.

2. *Return calls*: Our attorneys are very often in court or in meetings. Our support staff may be on another call or away from their desk when a client calls in. As such, calls cannot always be answered immediately or returned the same day. We strive to return calls within two (2) business days.

   A. If your issue is urgent, please send an email in addition to leaving a voicemail.

   B. Please do not make a follow-up phone call until the third business day.

   C. Please note that calls may be returned on weekends at the attorney's sole discretion. If the attorney DOES call on a weekend, this is not a waiver of the general policy.

3. *Emergency Communications*: Occasionally clients have circumstances that are emergencies and require immediate responses. Examples of emergencies are (A) account levies or seizures; (B) repossessions; (C) active evictions (e.g. the court officer is AT THE DOOR). In such instances, clients may call the attorney's cell number if they cannot get anyone at the office. Please note that the client MUST first try the office numbers.

4. *Text Messages/SMS*: Please see Rider A.

5. *Emails*: Clients should feel free to email the staff of the Firm, and this is the preferred method of communication. Our goal is to return emails within two (2) business days. This means that if an email is sent on Friday, the client should not expect an email back until Tuesday of the following week. Please do not send a follow-up email until the third business day.

6. *Facsimiles*:

   A. Generally, the Firm will not accept faxes from clients without pre-approval. DO NOT send a fax unless instructed or permitted to do so by a Firm employee.

   B. Faxes are received by an e-fax system. Please allow 30 minutes from the time of faxing for electronic processing. As facsimiles are notorious for failure, you should call to confirm receipt of faxes after the 30 minute window.

7. *Multiple Communications*: If you call and leave a message, and/or send an email, please wait to receive a response within our normal timeframes as set out above. The only communications that require confirmation are faxes.

   A. Multiple calls for the same issue or repeated emails merely distract the attorney and support staff from the work they are doing and may further delay a response to you.

   B. A pattern of repeated same-day calls to the Firm and/or repeated same-day emails regarding the same issue before receiving any response may be grounds to terminate representation.

8. *Communications with Attorneys and Staff*: Our office staff and attorneys recognize that you are under tremendous stress and that dealing with legal matters can be difficult. However, under no circumstances will threats, verbal abuse or harassments, or physical violence be tolerated. Any client who engages in such behavior will immediately be terminated as a client either by letter or by application to the Court as circumstances require.


## DOCUMENTS

1. *Necessity to Provide Documents*: To comply with either statutes or evidentiary necessity, we require documents be furnished for all cases. Ultimately, the responsibility to provide required documents rest with you as the client.

   A. Failure to provide documents within the deadlines set by the attorney is grounds for termination for non-cooperation.

   B. An employee of the Firm may be able to assist you in obtaining documents, if such assistance can be provided in a time- and cost-efficient manner.

2. *Refusal to Provide Documents*: Our office requests documents that we need to handle your matter. Refusal to provide the exact requested documents is grounds for termination as a client (ex: a W-2 is not a tax return and cannot be substituted for same)

3. Permission from the firm is required prior to sending any documents via facsimile. If you need to fax a document, you MUST call the firm beforehand.

4. We accept documents via email or in hard copy.

   A. Email is the preferred method to receive client documents.

      1) Add Return Receipt requests to emails to ensure emails were delivered.

      2) DO NOT call or email to verify receipt of emailed documents.

B. Emailed documents must be in PDF format ONLY. Files submitted in JPG, GIF, TIFF or any other file format will be rejected. Any exceptions to this rule are made at the sole discretion of the attorney or staff member granting said permission, and does not waive the general policy for other requested documents.

C. Hard copy documents may be:

    1) Mailed to our PO Box via Priority Mail (or similar tracked service)

        a) Keep your tracking number to verify delivery. DO NOT call asking if your documents were received.

        b) DO NOT use a service that requires a signature upon receipt. This may cause a delay in retrieving mailed documents.

    2) Securely bundled and dropped off in the Ledgewood Office.

        a) Please call ahead to be sure someone will be available to accept your documents on the day you plan to drop them off, as there is nowhere for clients to deposit documents in the event the office is unoccupied at the time you arrive.

        b) DO NOT leave documents in the hallway outside the office door. The Law Offices of Wenarsky and Goldstein LLC cannot be held responsible or liable for any sensitive information lost or stolen from outside the door of our Firm.

        c) Please note that documents dropped off to the Office will be forwarded to the PO Box. This may cause a delay in processing.

5. *Original Documents*: It is preferred that you provide copies of documents, NOT the originals. Kindly attempt to provide copies wherever possible.

## PAYMENT OF FEES

1. Retainer Fees are due within 30 days of receipt of a fully executed Retainer Agreement

2. All other fees are due on receipt of an invoice.

3. Failure to pay fees when due is grounds for termination of representation.

4. In matters where there are provisions for a renewing retainer, failure to replenish the retainer is grounds to terminate representation.

5. *Bankruptcy Case Fees*:

    A. Pre-Petition Fees are due prior to any work being done on your case.

    B. Post-Petition Fees that are not part of your Plan payment are due after the issuance of an Order Granting Compensation pursuant to 11 U.S.C. §327.

    C. If the Post-Petition Fees are included as part of a revised Plan payment to a Trustee, be sure to implement the adjusted payment amount according to the instruction of your attorney.

6. If you need more time to pay your fees, please contact your attorney to discuss options for payment plans.

I understand and agree to abide by these Office Policies.

*Charlotte Colasso*

_____
Pleasant Heights, Inc.
By Charlotte Colasso